UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>                   Plaintiff,<br><br>     v.<br><br>CHIEF BAIRD, *et al.*,<br><br>                   Defendants. | Case No. 2:12-CV-02055-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* plaintiff Muhammed Tillisy, proceeding *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 action, alleges unconstitutional deliberate indifference to his serious medical needs. Dkt. 20. Defendants Snohomish County and Snohomish County employees Mark Baird, Chris Bly, Margot Connole, Douglas Jeske and Deputy Williams ("Snohomish County Defendants"), and Harborview Medical Center and Dr. Kelly Collins ("Harborview Defendants") move for summary judgment.[1] Dkts. 48, 89. Mr. Tillisy has filed no opposition to defendants' motions for summary judgment and, because Mr. Tillisy has declined to present any evidence or argumentation to the contrary, defendants' facts are accepted as undisputed. The Court recommends **GRANTING** defendants' unopposed motions for summary judgment because they

---

[1] The Court employs, where possible, the names used by defendants in their papers. In his amended complaint, Mr. Tillisy removed as defendants Sheriff John Lovick, Sandra Needham, and Debbi Bellinger. Dkt. 20-2, at 2.

REPORT AND RECOMMENDATION - 1

have demonstrated that Mr. Tillisy's allegations do not entitle him to relief.  Dkts. 48, 89.  The Court recommends **DENYING** as moot and meritless Mr. Tillisy's other pending motions.  Dkts. 55, 97, 99.

## BACKGROUND

Mr. Tillisy was booked and released from Snohomish County at different times in 2012 and 2013, and he appears to be currently in federal custody.  Dkt. 20, at 1–2; Dkt. 48, at 2 n. 1; Dkt. 110; Dkt. 115, at 1.  In his amended complaint, Mr. Tillisy argues that he was subjected to deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment from July 2012 to January 2013 because (1) Snohomish County Defendants did not adequately treat problems with his cerebral shunt, and (2) Harborview Defendants misdiagnosed his medical problems thereby resulting in the loss of his vision.  Dkt. 20, at 1–2.  For relief, Mr. Tillisy seeks $10 million from defendants.  *Id.* at 3.  During the course of the proceedings, Mr. Tillisy has filed numerous motions in which he has contended, *inter alia*, that Snohomish County Defendants interfered with his ability to litigate his case.  *See, e.g.*, Dkts. 27, 33, 56, 76, 77, 86.  None were meritorious.  He has other miscellaneous motions relief that remain pending: Dkt. 55 (motion to direct defendants to reinstate law library access), Dkt. 97 (second motion to compel and for sanctions), and Dkt. 99 (motion to compel and renewed motion to appoint counsel).

## DISCUSSION

The Court grants summary judgment "if the movant shows that there is no genuine issue of fact as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If a party fails to properly address another party's assertion of fact, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  The

1    Court may consider any unopposed assertion of fact to be an undisputed fact for purposes of the
2    motion.  Fed. R. Civ. P. 56(e)(2).
3           Snohomish County Defendants have demonstrated that Mr. Tillisy was not subjected to
4    deliberate indifference to his serious medical needs.  Dkt. 48.  They have supported their
5    undisputed factual assertions with medical records, exhibits and declarations.  Dkts. 49–54.
6    Although Harborview Defendants are incorrect that Dr. Collins may not be sued for damages in
7    his individual capacity in a § 1983 action, the record shows that Harborview Medical Center is
8    not a "person" for § 1983 purposes and there is no colorable constitutional claim against Dr.
9    Collins for deliberate indifference to serious medical needs.  Dkt. 89.

10   **I.     Snohomish County Defendants' Motion for Summary Judgment (Dkt. 48)**
11          Snohomish County Defendants argue that overwhelming evidence demonstrates that Mr.
12   Tillisy was not subjected to deliberate indifference to his serious medical needs and instead
13   received extensive medical care from Snohomish County defendants for a condition,
14   pseudotumor cerebri, that he has suffered since the age of fourteen.  Dkt. 48, at 2–3.  The
15   undisputed evidence shows that Snohomish County Defendants are correct.
16          A pretrial detainee asserting medical mistreatment that violates the Constitution must
17   allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious
18   medical needs."  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see Frost v. Agnos*, 152 F.3d 1124,
19   1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are
20   comparable to prisoners' rights under the Eighth Amendment . . . we apply the same
21   standards.").  A prison official may be held liable "only if he knows that inmates face a
22   substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
23   abate it."  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  Inadequate treatment due to

REPORT AND RECOMMENDATION - 3

negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation.  *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989); *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988).

At best, Mr. Tillisy alleges that he disagrees with how he was medically treated for the symptoms of a preexisting brain condition.   Snohomish County Defendants have demonstrated that extensive efforts were made to address his medical needs.  *See, generally*, Dkt. 48, at 3–4.  Moreover, Snohomish County Defendants note that Mr. Tillisy has, while in federal custody, received the shuntogram brain surgery that he alleged being denied in the present proceeding.  Dkt. 115, at 1–6.

Snohomish County defendants are entitled to judgment as a matter of law on Mr. Tillisy's claim of deliberate indifference to serious medical needs.

## II.     Harborview Defendants' Motion for Summary Judgment (Dkt. 89)

Harborview Defendants argue that neither Harborview Medical Center (a state entity) nor Dr. Collins (a state employee) may be sued for damages in a § 1983 action because they are not "persons" under the statute.  They are correct as to Harborview Medical Center and Dr. Collins sued for damages in their official capacities.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 (1989).  They are incorrect as to Dr. Collins sued for damages in an individual capacity.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.  The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.")  Nonetheless, the medical records demonstrate that, at most, Mr. Tillisy disagreed with Dr. Collins and other Harborview Medical Center employees about the best treatment for his brain condition.  Dr. Collins examined Mr.

REPORT AND RECOMMENDATION - 4

Tillisy and provided a detailed assessment and treatment plan to manage his condition through medications, studies, and follow-up appointments. Dkt. 90, at 1–6. Mr. Tillisy's disagreement with Dr. Collins's treatment plan does not suggest unconstitutional deliberate indifference to serious medical needs.

### III. Other Pending Motions (Dkts. 55, 97, 99)

Mr. Tillisy's other pending motions (Dkts. 55, 97, 99) are moot, meritless and have been substantially addressed earlier. *See, e.g.*, Dkts. 113, 114.

### CONCLUSION

The Court recommends **GRANTING** defendants' unopposed motions for summary judgment because the undisputed facts show there is no genuine issue of material fact such that defendants are entitled to judgment as a matter of law. Dkts. 48, 89. The Court recommends **DENYING** as moot and meritless Mr. Tillisy's other pending motions. Dkts. 55, 97, 99.

Any objections to this Recommendation must be filed and served upon all parties no later than **December 16, 2013.** The Clerk should note the matter for **December 20, 2013**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of November, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge